**UNITED STATES of America**

v.

**Alfrederick JONES, a/k/a Frederick Jones Alfrederick Jones, Appellant.**

**Nos. 10–1185, 10–1684.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 23, 2011.

Opinion filed: Oct. 14, 2011.

Ewald Zittlau, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Arnold C. Joseph, Esq., Blue Bell, PA, Richard A. Shore, Esq., Philadelphia, PA, for Appellant.

Before: AMBRO, CHAGARES, and VANASKIE, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Alfrederick Jones was convicted in the District Court of two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). Jones requests that we vacate the judgment of conviction and re-

mand for a new trial.[1] We disagree, and thus affirm.

## I. Background

As we write solely for the parties, we recite only those facts necessary to our decision. Jones was indicted for two alleged sales of cocaine to a cooperating government witness, James Hawkins, in an undercover investigation. Both undercover operations were controlled by surveillance officers. The first operation was audiorecorded and videotaped. Because of an equipment malfunction, only the videotape of the second operation was available at trial, although the officers heard a live audio transmission during the operation. During the week-long trial, the two videotapes and a videotape of the officers' observation of Jones prior to Hawkins's first alleged purchase were played to the jury. It was provided a transcript of the audio recording of the first operation. Hawkins and the officers testified regarding the operations.

Two incidents during the trial are at issue in this appeal. First, during his opening statement, the prosecutor noted: "There's been a stipulation.... [W]e've agreed that there's been an analysis conducted by the Pennsylvania State Police, Bureau of Forensic Services.... [T]hey analyzed Government's Exhibits 1 and 2, which [were] purchased from [Jones]." Appendix ("App.") 118. After the prosecutor's opening, during a sidebar conference, Jones's counsel requested that the District Judge clarify that the stipulation provided that the drugs in the Government's Exhibits 1 and 2 contained cocaine, not that the drugs were purchased from Jones. The Judge stated to the jury:

I told you that during the course of the trial you may hear stipulations of counsel. Well, you just heard one stipulation. That stipulation is that the drugs that were—that the agents presented to the lab were, in fact, cocaine. That's the stipulation. That the drugs were analyzed and they were cocaine.

App. 120. Jones's counsel did not object to this clarification. In any event, both before the prosecutor's opening and during its closing instructions, the Judge told the jury that counsels' statements and arguments were not evidence.

Second, during his cross-examination of Hawkins, Jones's counsel asked about the audio recording and videotape of the first operation: "Now, when Mr. Jones first got to you, you spoke outside for a little while, correct?" App. 245. Hawkins responded:

Right, [Jones] was kind of saying this was a place where he shot somebody at and that, that one of my cousins, you know, didn't tell him and so forth and so on or whatever, something to that extent, just pointing out the exact place where exactly—where it exactly had happened at.

*Id.*

Jones's counsel immediately asked for a sidebar conference because of Hawkins's allegedly prejudicial implication that Jones had committed another crime. He initially requested a mistrial, which the District Court denied. He then requested an instruction, but stated that he didn't know what that instruction should be. The District Judge asked: "Well, do you agree that the tape does not reflect that Jones indicated that he shot somebody? ... I can certainly indicate that the tape does

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Jones filed a notice of appeal from the judgment in an unrelated case, which was docketed at No. 10–1684 and consolidated with the current appeal at No. 10–1185. Jones is not pursuing his appeal in No. 10–1684, and thus it is dismissed.

not say that Mr. Jones shot anyone." App. 246–47. Jones's counsel suggested that would be a start, to which the Judge replied: "Unless you can give me some request, that's the way I intend to deal with it." *Id.* at 247. He did not make a request. The Judge confirmed: "I will handle the situation as I just indicated, if you request that." *Id.* Jones's counsel stated: "I do." *Id.*

The District Judge then addressed the jury: "I want to simply caution you at this junction that the tape you heard does not indicate that Mr. Jones said that he shot anyone." *Id.* at 247–48. Jones's counsel did not object to this clarification. In addition, during his closing instructions, the Judge focused the jury on the two charges against Jones: "[T]he only charges in this case for your consideration are the charges of distribution of cocaine.... [T]here is no charge with regard to firearms...." *Id.* at 621.

On appeal, Jones argues that the District Court erred by (1) denying his request for a mistrial after the jury heard Hawkins's testimony about the alleged shooting, (2) not striking and directing the jury to disregard this testimony, and (3) not giving a proper curative instruction concerning the prosecutor's statement about the stipulation and directing the jury to disregard the prosecutor's statement.

## II. Analysis

### A. Mistrial Request

■ We review a district court's denial of a motion for a mistrial based on a witness's allegedly prejudicial remarks for abuse of discretion. *United States v. Riley*, 621 F.3d 312, 335–36 (3d Cir.2010) (quoting *United States v. Lore*, 430 F.3d 190, 207 (3d Cir.2005)). We analyze three factors to determine whether Jones was prejudiced: "(1) whether [the witness's] remarks were pronounced and persistent,

creating a likelihood they would mislead and prejudice the jury; (2) the strength of the other evidence; and (3) curative action taken by the district court." *Lore*, 430 F.3d at 207.

Hawkins's single reference to a shooting during a rambling answer to one question during a lengthy cross-examination in the middle of a week-long trial is neither pronounced nor persistent. The Government presented other evidence that the jury could have relied on to convict Jones. The strength of this other evidence is sufficient to outweigh any possible prejudice Hawkins's remark may have caused Jones. Finally, the District Court provided the jury with a curative instruction that highlighted that Hawkins's remark was not on the audio recording of the first undercover operation, which was the subject of the question that elicited the remark. Moreover, at the conclusion of the trial, the Court specifically noted that there was no charge regarding firearms. *See Riley*, 621 F.3d at 336–37; *Lore*, 430 F.3d at 207. It did not err in denying Jones's motion for a mistrial.

### B. Curative Instruction Regarding Hawkins's Testimony

■ Because Jones's counsel did not object to the curative instruction regarding Hawkins's remark or request that the District Court take additional remedial steps, its instruction and failure to strike the remark are reviewed for plain error. *Riley*, 621 F.3d at 322. To demonstrate plain error, Jones must establish that: "(1) there is an error'; (2) the error is clear or obvious, rather than subject to reasonable dispute'; [and] (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it affected the outcome of the district court proceedings.'" *Id.* (quoting *United States v. Marcus*, —— U.S. ——, 130 S.Ct. 2159, 2164, 176

L.Ed.2d 1012 (2010)). If Jones establishes all three elements, we may exercise our discretion to award relief if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).

The District Court's alleged errors are not clear or obvious and did not affect the outcome of the proceedings. It provided the jury with a curative instruction that recognized that Hawkins's first meeting with Jones was audio-recorded and that Jones's counsel was asking Hawkins about that meeting. The Court later reminded the jury that there was no charge regarding firearms. There also was substantial other evidence that the jury could have relied on to convict Jones. Thus, there was no plain error in not striking or directing the jury to disregard Hawkins's remark.

## C.  Curative Instruction Regarding The Stipulation

■ Because Jones's counsel did not object to the District Court's curative instruction regarding the prosecutor's statement about the stipulation, its instruction and failure to direct the jury to disregard the statement also are reviewed for plain error. As with Hawkins's remark, the alleged errors are not clear or obvious and did not affect the outcome of the proceedings. The Court's instruction clarified that the stipulation only provided that the drugs had been analyzed and found to contain cocaine, which addressed how the jury may have misconstrued the prosecutor's statement. In addition, the prosecutor's statement occurred very shortly after the Court instructed the jury that counsels' opening statements were not evidence. After this clarification, Jones's counsel proceeded with his opening statement, during which he argued that Jones had not engaged in any drug transactions. By the end of his opening, the jury understood that there was no stipulation that Jones had sold the drugs in the Government's exhibits. Moreover, in its closing instructions, the Court repeated that counsels' statements were not evidence. There also was substantial evidence the jury could have relied on to convict Jones. Again, there was no plain error in instructing the jury concerning the prosecutor's statement about the stipulation or in not directing the jury to disregard the statement.

\*   \*   \*   \*   \*   \*

For these reasons, we affirm.